IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11196
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR GARCIA-GARCIA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-2378-G
- - - - - - - - - -
October 23, 1997

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hector Garcia-Garcia, federal prisoner #14478-119, moves for recall of the mandate following the denial of his constructive motion for a certificate of appealability (COA) to appeal from the denial of his motion for relief under 28 U.S.C. § 2255. Garcia correctly contends that, in light of *Lindh v. Murphy*, 117 S. Ct. 2059 (1997), the COA requirement of the Antiterrorism and Effective Death Penalty Act (AEDPA) should not have been applied

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his case.  We construe Garcia's motion as seeking panel review of a single-judge action pursuant to FED. R. APP. P. 27(c). Garcia's motion for panel review is GRANTED, and the order denying Garcia a COA is RESCINDED.  Garcia moves for dismissal of his appeal because the government has failed to file an appellate brief; that motion to dismiss is DENIED.  Garcia also moves for a default judgment against the government; that motion is DENIED.

No further briefing is necessary for the resolution of Garcia's § 2255 appeal and we proceed to consider its merits. *See Dickinson v. Wainwright*, 626 F.2d 1184, 1186 (5th Cir. 1980).

Garcia has not provided a copy of the trial transcript in support of his contention that counsel was ineffective for failing to move for a judgment of acquittal on all conspiracy counts because of a claimed absence of evidence of his participation in any conspiracy.  We do not consider same. *Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir. 1992).  Counsel objected to the recommended adjustments of Garcia's offense level for possession of a firearm during the commission of his offense; for abducting an individual to facilitate an offense or an escape; and for committing an offense against a vulnerable victim.  Counsel sought a downward adjustment to the offense level based on Garcia's role in the offense.  Counsel was not ineffective merely because the district court rejected the objections and the request for a downward adjustment. Specifically, counsel was not ineffective for failing to object

to what was a proper adjustment to the offense level commensurate with the amount of the ransom demand, nor was counsel ineffective for failing to limit the total upward adjustment to the offense level. The guidelines provide no such limitation. Counsel was not ineffective for failing to argue that Garcia should not have been given an eight-level adjustment to his offense level for the amount of the ransom request; the adjustment made was for three levels. Further, Garcia has not advanced in brief his contention that his sentence was based on inaccurate information. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Finally, the district court was not required to conduct an evidentiary hearing on Garcia's § 2255 motion. *United States v. Drummond*, 910 F.2d 285, 285 (5th Cir. 1990).

We conclude that Garcia's appeal is without arguable merit and is frivolous. It is therefore dismissed. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

APPEAL DISMISSED. 5th Cir. R. 42.2.